UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMUEL RAMIREZ-LOPEZ,<br><br>                Petitioner,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,<br><br>                Respondent. | Case No. 2:23-cv-01577-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for   April 19, 2024 |

      Petitioner, Samuel Ramirez-Lopez, is unrepresented by counsel, and initiated this 28 U.S.C. § 2241 immigration habeas corpus petition to obtain release from immigration detention or a bond hearing arguing his detention violated due process. Dkts. 1, 4. The Government filed a return memorandum and motion to dismiss arguing that petitioner was properly detained under 8 U.S.C. § 1226(c), his detention did not violate due process, and he was not entitled to release or a bond hearing. Dkt. 7. Petitioner filed a response. Dkt. 13.

      Thereafter, the Government filed notices with the Court that the Ninth Circuit had issued an order dismissing petitioner's petition for review and denying his motion for a stay of removal and, thereafter, issued its mandate. Dkts. 13, 14. The Government noted that the issuance of the Court of Appeals' mandate changes petitioner's detention status from 8 U.S.C. § 1226 to 8 U.S.C. § 1231 and renders the current petition moot. *Id.*

REPORT AND RECOMMENDATION - 1

For the reasons below, the Court recommends the 28 U.S.C. § 2241 habeas petition (Dkts. 1, 4) be DENIED as moot, that the Government's motion to dismiss (Dkt. 7) be STRICKEN as moot, and that the case should be dismissed without prejudice.

The statutes 8 U.S.C. § 1226 and 8 U.S.C. § 1231(a) govern the detention of non-citizens in immigration proceedings. "Where [a non-citizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Section 1226 provides the framework for the arrest, detention, and release of non-citizens who are in removal proceedings." *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1112 (W.D. Wash. June 12, 2019); 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants the Department of Homeland Security (DHS) discretionary authority to determine whether a non-citizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the non-citizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory.[1] *Id.*; 8 U.S.C. § 1226.

"Section 1231(a) governs the detention and release of non-citizens who have been ordered removed" and it authorizes detention in two circumstances. *Banda*, 385

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the BIA. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 2

F.Supp.3d at 1112. During the "removal period," detention is mandatory. 8 U.S.C. § 1231(a)(2) (emphases added).

The "removal period" generally lasts 90 days, and it begins on the latest of the following: (1) the date the order of removal becomes final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the non-citizen, the date of the court's final order; or (3) if the non-citizen is detained or confined (except under an immigration process), the date the non-citizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B); *Banda*, 385 F.Supp.3d at 1112. After the removal period expires, DHS has discretionary authority to continue to either detain certain non-citizens or release them on supervision. 8 U.S.C. § 1231(a)(6); *Prieto-Romero*, 534 F.3d at 1059; *Banda*, 385 F.Supp.3d at 1112.

Petitioner is a native and citizen of Mexico. *See* Dkt. 8, Ex. 3 at 4 (IJ Removal Hearing, dated July 9, 2020); *id.*, Ex. 2 (Record of Deportable/Inadmissible Alien). On April 13, 2012, he was convicted of coercion and sexual abuse of a minor under fourteen years old in the first degree, with unlawful acts occurring between May 2006 and August 2007. *See id.*, Ex. 1 (IJ Order of Removal, dated April 25, 2023) at 1-2, 12-14; *id.*, Ex. 2 at 3; Ex. 3 at 4-5. Petitioner served ninety-nine months in state prison for these offenses. *Id.*, Ex. 1 at 12-14. On June 5, 2020, petitioner was taken into DHS custody and detained as a criminal noncitizen under 8 U.S.C. § 1226(c) on multiple grounds.[2] *Id.*, Ex. 2, Ex. 3 at 3-4. Petitioner admitted all the factual allegations

---

[2] Petitioner was charged with removability on the following grounds: (1) under 8 U.S.C. § 1227(a)(2)(A)(iii) as a noncitizen who after admission has been convicted of an aggravated felony as defined in U.S.C. §§ 1101(a)(43)(A), an offense relating to murder, rape, or sexual abuse of a minor; (2) under 8 U.S.C. § 1227(a)(2)(A)(i), as a noncitizen who after admission has been convicted of a crime involving moral turpitude within five years after admission with a sentence of imprisonment ordered to be one year or more, and (3) under 8 U.S.C. §

REPORT AND RECOMMENDATION - 3

underlying each of the removability charges and the agency found him removable on each ground. Dkt. 8, Ex. 1 at 1-3, Ex. 2 at 1-3, Ex. 3 at 3-5; Ex. 4 (BIA Final Order of Removal, dated August 30, 2023).

Petitioner first appeared on June 25, 2020, for a removal hearing before an Immigration Judge (IJ). *See id.*, Ex. 3 at 2. Numerous continuances of the hearing were subsequently granted over the course of several years to allow petitioner to pursue his immigration petition for a noncitizen relative (I-130 Petition) and to submit an application for adjustment of status and a waiver of inadmissibility with the Immigration Court. *Id.*, Exs. 1, 3-26. On April 25, 2023, an IJ issued an order of removal for petitioner finding he had failed to demonstrate he warranted a waiver of inadmissibility or, in the alternative, his application for adjustment of status being granted. *Id.*, Ex. 1 at 4-14. Petitioner appealed the order of removal to the Board of Immigration Appeals (BIA) and, on August 30, 2023, the BIA dismissed the appeal and issued a final administrative order of removal against petitioner. *Id.*, Ex. 4, Ex. 27 (Notice of Appeal, dated May 16, 2023).

On September 22, 2023, petitioner appealed this final administrative order of removal to the Ninth Circuit by filing a petition for review as well as a motion for a stay of removal. *Id.*, Ex. 28 (Docket Report, *Ramirez-Lopez v. Garland*, No. 23-2364 (9th Cir. Sept. 22, 2023), ECF No. 1, 2). The Ninth Circuit granted a temporary stay of removal pending further order of the Court pursuant to General Order 6.4(c). *Id.* While his Ninth Circuit appeal was pending, petitioner filed the instant habeas petition which appears to argue he is detained under either 1226(a) or 1226(c), but that in either case his

---

1227(a)(2)(E)(i) as a noncitizen who after admission committed a crime of child abuse, child neglect, or child abandonment. *See* Dkt. 8, Ex. 2 at 2, Ex. 3 at 3-4.

REPORT AND RECOMMENDATION - 4

detention violates due process, and he is entitled to release from immigration detention or a bond hearing. Dkts. 1, 4.

However, on January 17, 2024, the Ninth Circuit issued an order denying the petition for review and petitioner's motion to stay finding it lacked jurisdiction to review petitioner's challenges to the denial of a waiver under 8 U.S.C. § 1182(h) and to his adjustment of status, and that petitioner failed to raise a colorable legal or constitutional claim. *See* Order, *Ramirez-Lopez*, No. 23-2364 (9th Cir. Jan. 17, 2024), ECF No. 15; Dkts. 13, 14. On March 11, 2024, the Ninth Circuit issued its mandate. *See* Mandate, *Ramirez-Lopez*, No. 23-2364 (9th Cir. March 11, 2024), ECF No. 16; Dkts. 13, 14.

Because the Ninth Circuit has denied the stay of removal and issued its mandate, petitioner's detention is no longer governed by 8 U.S.C. § 1226 (a) or (c), but by the mandatory 90-day detention set forth in 8 U.S.C. § 1231(a)(2). *See* 8 U.S.C. § 1231(a)(1)(b) ("[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the [removal period begins on the] date of the court's final order"); *and see Cruz v. ICE Field Off. Dir.*, No. C21-0855JLR, 2021 WL 5755413, at *2 (W.D. Wash. Dec. 3, 2021) ("Because the Ninth Circuit has denied the stay of removal and issued its mandate, Mr. Cruz's detention is now governed not by 8 U.S.C. § 1226(c), but by the mandatory 90-day detention set forth in 8 U.S.C. § 1231(a)(2)."); *Muhamd v. ICE Field Off. Dir.*, No. C20-0605RAJ, 2020 WL 6318686, at *1 (W.D. Wash. Oct. 28, 2020) ("Because the Ninth Circuit has denied the stay of removal, Mr. Muhamd's detention is now governed not by § 1226(c), not by § 1226(a), but by the mandatory 90-day detention set forth in § 1231(a)(2)").

Section 1231(a)(2) mandates that, "[d]uring the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1299–300 (9th Cir. 2004). ("Congress has mandated the detention of an alien ordered removed for 90 days...."); *Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003) ("Detention during the removal period is mandatory.") (citing 8 U.S.C. § 1231(a)(2)). Furthermore, the 90-day period of mandatory detention under 8 U.S.C. § 1231(a)(2) has been found to "pass[ ] constitutional scrutiny." *Khotesouvan*, 386 at 1299–300.

Thus, petitioner's habeas petition—which appears to solely address his detention under § 1226(c) and § 1226(a)—is now moot.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Thus, "where no actual or live controversy exists" a case is rendered moot. *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1155 (9th Cir. 2017) (internal citation and quotation marks omitted).

"A federal court lacks [subject-matter] jurisdiction to hear a case that is moot." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12. Because the petition is now moot, the court no longer has subject-matter jurisdiction and should dismiss this action without prejudice *sua sponte*. *See Cruz*, 2021 WL 5755413 (dismissing 2241 habeas petition *sua sponte* as moot where, after the habeas petition was filed the Ninth Circuit denied petitioner's petition for review and motion for stay of removal and issued its mandate); *Muhamd*, 2020 WL 6318686, at *1 (same).

REPORT AND RECOMMENDATION - 6

## CONCLUSION

For the reasons stated above, the court should DENY as moot petitioner's 28 U.S.C. § 2241 habeas petition (Dkts. 1, 4), STRIKE as moot the Government's motion to dismiss (Dkt. 7) and DISMISS this case without prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **April 19, 2024**, as noted in the caption.

Dated this 28th day of March, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge